**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 33**

Docket No. CH-844E-14-0283-I-1

**Rachel K. Angel,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

April 15, 2015

Rachel K. Angel, Oregon, Wisconsin, pro se.

Thomas Styer, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision denying the appellant's application for disability retirement benefits. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2      The appellant formerly was employed by the Department of Agriculture (USDA) as a GS-08 Biological Science Laboratory Technician. Initial Appeal File (IAF), Tab 5 at 53. She was removed from her position on May 21, 2011. *Id.* at 66. About a month earlier, the appellant filed an application for disability

retirement benefits under the Federal Employees' Retirement System (FERS). *Id.* at 36-44. On November 4, 2011, OPM issued a decision denying the appellant's application for disability retirement benefits. *Id.* at 29-33. The appellant filed a request for reconsideration. *Id.* at 11-28. On June 21, 2012, OPM issued a reconsideration decision denying the appellant's application for disability retirement benefits. *Id.* at 5-9.

¶3 The appellant filed an appeal with the Board, and, after holding a hearing, the administrative judge issued an initial decision reversing OPM's reconsideration decision. IAF, Tab 24, Initial Decision (ID). The administrative judge found that the appellant established by a preponderance of the evidence that she met the requirements to qualify for disability retirement benefits under FERS. ID at 12.

¶4 OPM has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response opposing OPM's petition. PFR File, Tab 3.

## ANALYSIS

¶5 To qualify for disability retirement benefits under FERS, an employee must establish that: (1) she has completed at least 18 months of civilian service creditable under FERS; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a service deficiency in performance, conduct, or attendance, or, if there is no such actual service deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date the disability retirement application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she must not have declined a reasonable offer of reassignment to a vacant position. 5 C.F.R. § 844.103(a). It

is undisputed that the appellant completed 18 months of service creditable under FERS.[1]

¶6        OPM argues on review that the administrative judge erred by finding that the appellant established a prima facie case of entitlement to disability retirement benefits because she was removed from her position for inability to perform the essential functions. PFR File, Tab 1 at 5. OPM also argues that the appellant failed to prove her qualification for disability retirement benefits because she applied for a position similar to her former position at the USDA, applied for other full-time positions, and was employed in various part-time positions after she allegedly became disabled from her USDA position. *Id*. at 7-9. OPM asserts that the medical evidence the appellant produced was insufficient to meet her burden of proving that she was unable to render useful and efficient service in her position. *Id*. at 6, 8-9.

The administrative judge did not err in applying the *Bruner* presumption.

¶7        An employee's removal for inability to perform the essential functions of her position constitutes prima facie evidence that she is entitled to disability retirement benefits. *Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993). The burden of production then shifts to OPM to produce evidence sufficient to support a finding that the appellant is not entitled to disability retirement benefits. *Harris v. Office of Personnel Management*, 110 M.S.P.R. 249, ¶ 5 (2008). OPM can meet its burden of production and rebut the *Bruner* presumption by demonstrating a lack of objective medical evidence providing a reasoned explanation of how certain aspects of a particular condition render the employee unable to perform specific work requirements. *Id*. If OPM meets its burden of production, then the Board will weigh the totality of the

---

[1] The parties stipulated that the appellant began working at the USDA on February 9, 2003, and was separated on May 21, 2011; therefore, she completed the requisite 18 months of creditable service under FERS. *See* IAF, Tab 16.

evidence produced by both sides to determine if the appellant is entitled to disability retirement benefits. *Trevan v. Office of Personnel Management*, 69 F.3d 520, 527 (Fed. Cir. 1995). In spite of the shifting burdens of production, the appellant retains the ultimate burden of persuasion to establish entitlement to disability retirement benefits. *Newkirk v. Office of Personnel Management*, 101 M.S.P.R. 667, ¶ 15 (2006).

¶8 OPM argues that the administrative judge erred in applying the *Bruner* presumption because the appellant did not produce copies of a Standard Form (SF) 50, a proposal, or a decision to remove her for inability to perform the essential functions of her position. PFR File, Tab 1 at 5. The appellant, however, is not required to produce any specific documentary evidence before the *Bruner* presumption applies. The appellant was required to produce sufficient evidence to support a finding in her favor. *See Bruner*, 996 F.2d at 293. In an appeal from an OPM reconsideration decision involving retirement benefits, the appellant has the burden of proving entitlement to benefits by a preponderance of the evidence.[2] *See* 5 C.F.R. § 1201.56(a)(2). Here, the administrative judge found that, even without an SF-50, a proposal notice, or a decision, the appellant met the preponderance of the evidence standard by producing enough other relevant evidence. ID at 6-7. Having reviewed the record, we agree.

¶9 The USDA provided the appellant with a temporary accommodation of a part-time schedule but stated that she could not be accommodated permanently in this way. IAF, Tab 5 at 54-55. The USDA also conducted a reassignment search and was unable to identify a vacant position to which the appellant could be reassigned. *Id.* at 46; Hearing Tape (HT) (testimony of an Outreach, Diversity and Equal Employment Opportunity Specialist). Reassignment is the reasonable

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

accommodation of last resort, which is required only after it has been determined that there are no effective accommodations that will enable the employee to perform the essential functions of her current position or that all other reasonable accommodations would impose an undue hardship. *Combs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 26 (2002). The appellant testified that she was notified that she would be removed from her position on May 20, 2011, for her inability to report to duty on a full-time basis. HT (testimony of the appellant). The appellant was removed on May 21, 2011. IAF, Tab 5 at 66. The administrative judge appropriately analyzed the record evidence and found no evidence that the appellant was separated for reasons other than the reduction in her schedule, which was attributable to her migraine headaches. ID at 6. In the absence of any contradictory evidence, we agree with the administrative judge's finding that this is sufficient evidence to meet the preponderance of the evidence standard and apply the *Bruner* presumption. ID at 5-6.

¶10     Once the *Bruner* presumption applies, the burden of production shifts to OPM to produce evidence sufficient to support a finding that the appellant is not entitled to disability retirement benefits. *Harris*, 110 M.S.P.R. 249, ¶ 5. OPM argues that the administrative judge erred by not allowing OPM to rebut the *Bruner* presumption by demonstrating the lack of objective medical evidence. PFR File, Tab 1 at 5-7. The initial decision does not state that OPM's reliance on the absence of objective medical evidence was insufficient to rebut the *Bruner* presumption. In determining whether the appellant met her ultimate burden of persuasion, the administrative judge considered the totality of the evidence produced by both parties and found that the appellant proved her entitlement to disability retirement benefits by a preponderance of the evidence. ID at 12. Successfully rebutting the *Bruner* presumption shifted the burden of production back to the appellant but was not dispositive as to whether she was entitled to disability retirement benefits. *See Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 5 (2012) (if OPM produces sufficient evidence to rebut the

*Bruner* presumption, the appellant then must come forward with evidence to rebut OPM's assertion that she is not entitled to benefits).

The administrative judge did not err in applying 5 C.F.R. § 844.103(a).

¶11    OPM argues that the record contains "a dearth of medical evidence" to show that the appellant had a disability when she separated and that her disability continues to the present. PFR File, Tab 1 at 8. The appellant had no obligation to produce evidence that her disabling condition was permanent or continued until the day of the hearing, which took place 3 years after her application for disability retirement benefits.[3] The appellant was obligated only to show that her disabling condition existed while she was employed in a position covered by FERS and was expected to continue for at least 1 year from the date of her application for disability retirement. *See* 5 C.F.R. § 844.103(a)(2)-(3). OPM asserts that the record does not contain any medical evidence produced since 2011. PFR File, Tab 1 at 8. The appellant's application for disability retirement was filed in March 2011. IAF, Tab 5 at 37. The last medical report the appellant provided in support of her disability retirement application is dated March 30, 2011, and states that her medical condition would continue for more than 1 year. *Id.* at 45.

¶12    OPM continues to argue on review, as it argued before the administrative judge, that the appellant did not produce sufficient medical evidence of her disabling medical condition. PFR File, Tab 1 at 8-9. Objective medical evidence is only one of several factors to be considered in determining entitlement to disability retirement benefits. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 19-21 (2012). The Board has always stated that it will consider all pertinent evidence in determining an appellant's entitlement to

---

[3] The length of time between the appellant's separation and the hearing was attributable in part to OPM's sending the reconsideration decision to the wrong address. IAF, Tab 1 at 7.

disability retirement benefits. *Id.* The lack of objective medical evidence cannot be used as the sole basis for denying an applicant disability retirement benefits. *See Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1039-43 (Fed. Cir. 2007). For instance, subjective evidence, i.e., testimony or written statements concerning symptoms that are submitted by the appellant, "may be entitled to great weight on the matter of disability, especially where such evidence is uncontradicted in the record." *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 418-22 (1981); *see Biscaha v. Office of Personnel Management*, 51 M.S.P.R. 304, 309 (1991) (an appellant's subjective evidence of pain must be considered seriously, where it is supported by competent medical evidence). Although OPM noted in its reconsideration decision that the appellant's medical records did not contain the results from diagnostic studies, IAF Tab 5 at 8, the Board has found that there are no physical changes ordinarily associated with migraine headaches other than those changes associated with pain, *Cole v. Office of Personnel Management*, 88 M.S.P.R. 54, ¶ 8 (2001).

¶13　　The record contains a medical report dated March 30, 2011, stating that the appellant was first diagnosed with migraine headaches in 1999, the frequency of her migraine headaches increased in 2008, her migraine headaches were not alleviated by a variety of treatments including medication, exercise, and diet, her migraine headaches were triggered by stress and hormonal fluctuations, and her migraine headaches were expected to last for more than 1 year. IAF, Tab 5 at 45. The medical report requests that the appellant be allowed to work 80% of her schedule. *Id.* The appellant's supervisor at the USDA stated that a permanent reduction to an 80% schedule would represent an unacceptable reduction in the appellant's productivity. *Id.* at 55. He also stated that the appellant's reduced work schedule severely hampered her ability to complete projects in a timely manner. *Id.* at 39. The appellant testified that her migraine headaches prevented her from being able to perform the complex technical tasks of her position. HT (testimony of the appellant).

¶14        Two methods exist for demonstrating eligibility for disability retirement benefits, either the employee can show that her medical condition:  (1) affected her ability to perform specific work requirements, prevented her from being regular in attendance, or caused her to act inappropriately; or (2) is inconsistent with working in general, in a particular line of work, or in a particular type of work setting.  *Rucker*, 117 M.S.P.R. 669, ¶ 10.  OPM argues that the appellant failed to establish her entitlement to disability retirement benefits because she applied for full-time positions and held several part-time positions after she filed her disability retirement application.  PFR File, Tab 1 at 7.  However, the appellant was not required to show that her disability rendered her incapable of working all positions.  The relevant position for determining the appellant's qualification for disability retirement benefits was the position she last held before filing her application.  *See* 5 U.S.C. § 8451(a) (an employee is considered disabled if she is unable to render useful and efficient service in her position and she has not declined a reasonable offer of reassignment); *see also Eshelman v. Office of Personnel Management*, 72 M.S.P.R. 173, 176 (1996).  The appellant met her burden by showing that her migraine headaches prevented her from performing the requirements of the position she held at the time of her application for disability retirement benefits.  The fact that the appellant has been able to work part-time positions with duties and responsibilities that are different from the position she held at the USDA (e.g., substitute teacher) is immaterial to determining whether her condition affected her ability to perform the specific work requirements of the position she held at the USDA.  The appellant provided unrebutted testimony that the Biological Science Laboratory Technician position she applied for at the USDA after she filed her application for disability retirement was less technical in nature than her former position and that she believed the position for which she applied would be less stressful and less likely to trigger her migraine headaches.  HT (testimony of the appellant).

¶15    The initial decision reflects that the administrative judge considered the totality of the evidence produced by both parties, applied the correct legal standards, and came to the well-reasoned conclusion that the appellant had met her burden of proving her entitlement to a disability annuity at the time of her application.  ID at 4-12.  We find no basis for disturbing those findings on review.

ORDER

¶16    We ORDER OPM to grant the appellant's application for disability retirement.  OPM must complete this action no later than 20 days after the date of this decision.

¶17    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶18    No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

¶19    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or  38 U.S.C.  § 4324(c)(4).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203.  If you believe you meet these criteria, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.